# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMY LEE WILSON, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 23-CV-0912** |
| | : | |
| **BUCKS COUNTY** | : | |
| **CORRECTIONAL FACILITY,** *et al.*, | : | |
| *Defendants* | : | |

## O R D E R

**AND NOW**, this 12th day of April, 2023, upon consideration of Plaintiff Jimmy Lee

Wilson, Sr.'s *Motion to Proceed In Forma Pauperis* (ECF No. 3), his Prisoner Trust Fund Account

Statement (ECF No. 7), and his *pro se* Complaint (ECF Nos. 1, 2), it is hereby **ORDERED** that:

    1.    Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED** pursuant

to 28 U.S.C. § 1915.

    2.    Jimmy Lee Wilson, Sr., #022319, shall pay the full filing fee of $350 in

installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court

directs the Warden of Bucks County Correctional Facility or other appropriate official to assess an

initial filing fee of 20% of the greater of (a) the average monthly deposits to Wilson's inmate

account; or (b) the average monthly balance in Wilson's inmate account for the six-month period

immediately preceding the filing of this case.  The Warden or other appropriate official shall

calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with

a reference to the docket number for this case.  In each succeeding month when the amount in

Wilson's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall

forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Wilson's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Bucks County Correctional Facility.

4.      The Complaint is **DEEMED** filed.

5.      For the reasons set forth in the Court's Memorandum, Wilson's claims against Bucks County Correctional Facility are **DISMISSED**, **with prejudice,** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6.      The Clerk of Court is **DIRECTED** to terminate Bucks County Correctional Facility as a Defendant in this case.

7.      For the reasons set forth in the Court's Memorandum, Wilson's claims against Warden Matelis, Deputy Warden Reed, and Captain Nottingham are **DISMISSED**, **without prejudice**, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8.      Wilson may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Wilson's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Wilson should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Wilson may not reassert a claim that has already been dismissed with prejudice.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.      The Clerk of Court is **DIRECTED** to send Wilson a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Wilson may use this form to file his amended complaint if he chooses to do so.[1]

10.      If Wilson does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11.      If Wilson fails to file any response to this Order, the Court will conclude that Wilson intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[1]      This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2]      The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint,

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

                                      **BY THE COURT:**

                                      */s/ Nitza I. Quiñones Alejandro*
                                      **NITZA I. QUIÑONES ALEJANDRO**
                                      *Judge, United States District Court*

---

leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).